UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEYWANIE S BRIDGEWATER,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOSEPHINUM BUILDING STAFF,<br><br>　　　　　　Defendants. | CASE NO. 2:23-cv-01594-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

　　　　This matter is before the Court on its own motion. On October 16, 2023, Plaintiff filed a proposed complaint but failed to pay the required filing fee, among other discrepancies. Dkt. No. 1, *see also* Dkt. No. 3 (Notice of Filing Deficiency). Plaintiff then filed an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 5. Plaintiff's application for IFP status was granted, but U.S. Magistrate Judge S. Kate Vaughan recommended review of the proposed complaint under 28 U.S.C. § 1915. Dkt. No. 6. The Complaint was entered on the docket on October 30, 2023. Dkt. No. 7. Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to

state a claim upon which relief may be granted. The Court therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court's must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without and attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g., Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Plaintiff's handwritten Complaint is almost entirely illegible. *See* Dkt. No. 7. The Complaint is presented on a form provided by the U.S. District Court for the Western District of

Washington for civil cases seeking to invoke either federal question or diversity jurisdiction. *Id.* "Federal courts are courts of limited jurisdiction, having the power to hear certain cases only as the Constitution and federal law authorize." *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Complaint appears to involve claims against employees and other individuals related to the Josephinum Building and Christ Our Hope Catholic Church. *Id.* at 2. Beyond that, the Court is unable to determine whether Plaintiff has made any factual allegations sufficient to state a claim for which it may assert subject matter jurisdiction. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal unless amendment would be futile. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). Here, the Court is unable to determine whether Plaintiff's claims are futile because the Complaint is substantially indecipherable.[1] The Court will therefore GRANT Plaintiff leave to file an amended complaint in this case that legibly states a plausible claim for relief by no later than **Friday, December 1, 2023**. If Plaintiff fails to file an amended complaint by the deadline, fails to state a plausible claim for relief, or fails to present an amended complaint that is sufficiently legible for the Court to ascertain the underlying factual allegations and jurisdictional grounds for the relief sought, the Court will dismiss this case in its entirety.

Dated this 3rd day of November 2023.

Tana Lin
United States District Judge

---

[1] The Court also takes notice that Plaintiff has filed five similarly deficient complaints in this district since the beginning of the year that have been dismissed for failure to state a cognizable claim. *See Bridgewater v. Fuller*, No. C23-0961; *Bridgewater v. Schmitz et al.*, No. C23-0964; *Bridgewater v. RE-PC Recycled Computers & Peripherals*, No. C23-0965; *Bridgewater v. Kyana Barbershop et al.*, C23-1074; and *Bridgewater v. Schmitz et al.*, C23-1075.